The Cumberland Valley Railroad Company and The Pennsylvania Railroad Company, Appellants, *v.* The Gettysburg & Harrisburg Railway Company, The Philadelphia & Reading Railroad Company, The Hunter's Run & Slate Belt Railroad Company, and Edward M. Paxson, Elisha P. Wilbur and Joseph S. Harris, Receivers of The Philadelphia & Reading Railroad Company.

*Railroads— Traffic contract —Railroad connection—Appeal—Review— Equity.*

Where the decree of a court of equity recognizes the right of one railroad company to have specifically enforced a traffic contract with another railroad company, an appeal by the complainants on the ground of the insufficiency of the decree is premature. If irreconcilable disputes arise as to the apportionment of the joint traffic receipts, either party may call into operation the arbitration clause contained in the contract, or, if this be ineffective, either can ask, on proper proof, for a supplemental decree from the court below.

Argued April 28, 1896. Appeal, No. 91, Jan. T., 1896, by plaintiffs, from decree of C. P. Cumberland Co., May T., 1893, No. 1, on bill in equity. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity to specifically enforce a traffic contract.

The facts appear by the case of the Cumberland Valley Railroad v. Gettysburg, etc. Railway, Appellants, supra, 519.

*Error assigned* was the insufficiency of the decree.

*D. Watson Rowe* and *David W. Sellers*, with them *E. B. Watts* and *John Hays*, for appellants.

*J. W. Wetzell* and *Thomas Hart, Jr.*, with them *S. S. Neely*, for appellees.

OPINION BY MR. JUSTICE DEAN, October 5, 1896:

There is nothing of merit in these assignments of error which has not been passed upon in the opinion this day filed in appeal of defendants from same decree.   In so far as the insufficiency of the decree is complained of the appeal is premature.   What connections shall be arranged between the railroads, and how they shall apportion joint earnings on a mileage basis, can only be properly determined when the decree of the court below goes into effect.   The daily operations of the roads will point out to both what shall be to their mutual advantage, and circumstances, as they then exist, will suggest what is an equitable apportionment under the contract of the joint traffic receipts ; if then, irreconcilable disputes arise, either party can call into operation the arbitration clause of the contract, or, if this be ineffective, either can ask, on proper proof, for a supplemental decree from the court below.

We will not now assume the parties will refuse to carry out the contract according to its true intent and meaning, when the court below and this court have adjudged it binding upon them. The appeal is dismissed at costs of appellants accruing on their appeal since the same was taken.

Decree affirmed.